IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| MICHELE KIMBERLY HARRIS, et al., | ) |
|---|---|
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 24-03238-CV-S-WBG |
| | ) |
| SPRINGFIELD HOUSING AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending is Plaintiffs Michele Kimberly Harris and Edgar Simm Harris's Application for Leave to File Action Without Payment of Fees (Doc. 1). For the following reasons, Plaintiffs' application is **GRANTED IN PART** and **DENIED IN PART**.[1]

### I. STANDARD

When instituting a civil action in this Court, a party must pay a filing fee. 28 U.S.C. § 1914(a). If, however, a plaintiff's economic status prevents him or her from being able to pay the filing fee, he or she may seek leave of Court to commence an action without paying the filing fee. 28 US.C. § 1915; L.R. 83.7(a). "The *in forma pauperis* statute, 28 U.S.C. § 1915,[2] is designed to ensure that indigent persons will have equal access to the judicial system." *Greaser v. Mo. Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998) (citation and internal quotation marked omitted). "An applicant is not

---

[1] On October 7, 2024, the Clerk of the Court informed the undersigned that both Plaintiffs consented to the undersigned's jurisdiction.

[2] Although the language in 28 U.S.C. § 1915 alternates between "person" and "prisoner," courts, including this one, have held the statute applies to both prisoners and non-prisoners. *See, e.g.*, *Thibeaux v. U.S. Atty. Gen.,* 275 F. App'x 889, 892 (11th Cir. 2008); *Ogunsalu v. Nair,* 117 F. App'x 522, 523 (9th Cir. 2004); *Haynes v. Scott,* 116 F.3d 137, 140 (5th Cir. 1997); *Fisher v. Doe,* No. 18-0604-CV-W-ODS, 2018 WL 11300304, at *1 (W.D. Mo. Aug. 9, 2018); *Davidson v. Fulton State Hosp.,* No. 17-4019-CV-W-FGJ, 2017 WL 11536333, at *1 (W.D. Mo. Feb. 7, 2017).

capable of paying the initial filing fee if doing so will cause him or her to give up the basic necessities of life." L.R. 83.7(c).

The Court must also examine the proposed complaint to confirm it has jurisdiction because federal courts have limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Thus, a federal court has an independent duty to determine subject matter jurisdiction, even on the court's own motion. *City of Kan. City v. Yarco Co.*, 625 F.3d 1038, 1040 (8th Cir. 2010). If a federal court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). The lack of subject matter jurisdiction "cannot be waived by the parties or ignored by the court." *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004) (citation omitted).

In addition, the Court must review the proposed complaint to ensure it is not frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from relief. 28 U.S.C. § 1915(e)(2)(B). The pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To be considered plausible, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In reviewing a pro se proposed complaint under 28 U.S.C. § 1915(e)(2)(B), the Court gives the proposed complaint the benefit of liberal construction. *Topchian v. JPMorgan Chase Bank, N.A.*,

2

760 F.3d 843, 849 (8th Cir. 2014). This "mean[s] that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id*. (quotation omitted).

## II. DISCUSSION

The Court, having reviewed Plaintiffs' financial affidavit, concludes Plaintiffs qualify by economic status to proceed *in forma pauperis*. Next, the Court must assess whether it has jurisdiction and whether Plaintiffs state a claim upon which relief may be granted.

Plaintiffs' proposed complaint names Springfield Housing Authority Section 8 Program; Nicole Looney, Section 8 Coordinator; Teressa Osborn, Director of Housing Programs; Rebecca Pashia, Director of Affordable Housing Operations; Arlene Ozores, Portfolio Management Specialist; Sonya Taylor, Manager at H.S. Management/Reed Properties; Sara Miller, Leasing Agent; and the City Utilities Sewage Department. Doc. 1-2 at 1-3. They assert this Court has jurisdiction because there is diversity of citizenship, and they bring claims pursuant to the Fair Housing Act of 1968 ("FHA"). *Id*. at 4-5.[3]

According to Plaintiffs' proposed complaint, at least one plaintiff is a Missouri citizen, and at least one defendant is a Missouri citizen. *Id*. at 4-5.[4] Thus, the Court does not have diversity jurisdiction. *See* 28 U.S.C. 1332(a)(1).

Plaintiffs indicate they are bringing claims under the FHA. FHA prohibits, among other things, "property owners and municipalities from blocking or impeding the provision of housing on

---

[3] Plaintiffs also indicate the Court has jurisdiction because this matter is brought against the federal government, a federal official, or a federal agency. Doc. 1-2 at 4. However, they do not assert claims against the federal government, a federal official, or a federal agency.

[4] Plaintiffs identify the citizenship of the individual Defendants as if they are Missouri corporations with their principal places of business in Missouri. *See* Doc. 1-2 at 5-7. The Court construes these allegations as averring the individual Defendants are Missouri citizens.

3

Case 6:24-cv-03238-BP   Document 5   Filed 10/10/24   Page 3 of 5

the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)-(b)). FHA also "prohibits retaliation against any person on account of his having exercised or enjoyed a right granted or protected by the FHA." *Id*. at 838 (citing 42 U.S.C. §3617). Thus, if this action arises under the laws of the United States, this Court may have "federal question" jurisdiction under 28 U.S.C. § 1331.

Plaintiffs allege they were removed from Section 8 housing "based on a lie my previous landlord told them I moved out without permission." Doc. 1-2 at 5. They contend, *inter alia*, if they had not "whistle blew" on Nicole Looney with the Springfield Housing Authority "about not giving me my yearly raises, she would not have kicked my family out of section 8 . . . ." *Id*. at 2, 5, 8. Plaintiffs also claim Rebecca Pashia with the Springfield Housing Authority was involved in their eviction. *Id*. at 3, 6, 8 ("Rebecca Pashia has her name next to dates 5/24 stating Ive [sic] been evicted with ineligable [sic] letter sent to me. So why was an informal meeting held with me see attached papers. This meeting was also in person not by phone."). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). The Court discerns Plaintiffs are alleging the Springfield Housing Authority, Looney, and Pashia violated the Fair Housing Act.

The proposed complaint alleges no facts supporting an FHA claim against Teressa Osborn, Arlene Ozores, Sonya Taylor, Sara Miller, and the City Utilities Sewage Department. And the Court is unable discern a legal cause of action against these defendants.[5] Thus, the Court finds no claim is stated against Osborn, Ozores, Taylor, Miller, and the City Utilities Sewage Department.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Leave to File Action Without Payment of Fees (Doc. 1) is **GRANTED IN PART**, and Plaintiffs may proceed with their FHA claims against

---

[5] Exhibits attached to Plaintiffs' proposed complaint (Doc. 1-3) suggests a billing dispute with the City Utilities Sewage Department. But Plaintiffs assert no basis for jurisdiction over a claim involving billing disputes.

4

the Springfield Housing Authority, Looney, and Pashia. Plaintiffs' Application for Leave to File Action Without Payment of Fees is **DENIED** to the extent Plaintiffs seek to proceed with FHA claims against Osborn, Ozores, Taylor, Miller, and the City Utilities Sewage Department. The Court **DISMISSES** Osborn, Ozores, Taylor, Miller, and the City Utilities Sewage Department.

It is further **ORDERED** as follows:

1. Plaintiffs' complaint is accepted for filing and is deemed filed on the date it was tendered to the Court. The Clerk of the Court is directed to electronically file Plaintiffs' complaint (Doc. 1-2) and exhibits thereto (Doc. 1-3) and docket the complaint as having been filed on the date tendered.

2. The Clerk of the Court shall forward blank summonses and appropriate process forms to Plaintiffs. Within twenty-one days of the date of this Order, Plaintiffs shall return the completed summonses and process forms to the Clerk's Office. If Plaintiffs fail to provide the necessary forms to the Clerk's Office within twenty-one days of this Order, Plaintiffs shall be personally responsible for serving the Springfield Housing Authority, Looney, and Pasha as proscribed in Rule 4 of the Federal Rules of Civil Procedure.

3. Upon receipt of the summonses and forms from Plaintiffs, the Clerk of the Court shall issue summonses and service forms to the United States Marshal's Service ("USMS") for service upon Springfield Housing Authority, Looney, and Pashia pursuant to Rule 4 of the Federal Rules of Civil Procedure. USMS may attempt service by United States Mail.

**IT IS SO ORDERED.**

DATE: October 10, 2024          /s/ W. Brian Gaddy
                                W. BRIAN GADDY
                                UNITED STATES MAGISTRATE JUDGE