IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHELE KIMBERLY HARRIS and EDGAR SIMM HARRIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 24-03238-CV-SJ-BP ) |
| SPRINGFIELD HOUSING AUTHORITY, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER DIRECTING PLANTIFFS TO SHOW CAUSE WHY
ORDER GRANTING IN FORMA PAUPERIS STATUS SHOULD NOT BE VACATED**

Plaintiffs were granted leave to proceed in forma pauperis on some of their claims. (Doc. 5.) Upon further review of the matter, however, the Court questions whether Plaintiffs are entitled to proceed in forma pauperis.

28 U.S.C. § 1915(a)(1) permits a court to allow a litigant to proceed without paying the necessary filing fee. However, § 1915(e)(2)(B) declares that such leave should be denied, and the case dismissed, if the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915(e)(2)(B)(i) if there is "indisputably absent any factual or legal basis for the wrong asserted in the complaint." *Williams v. White,* 897 F.2d 942, 943 (8th Cir. 1990) (quotation omitted). This standard is higher than the standard for dismissing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *id.,* but the 12(b)(6) standard is also applicable by virtue of § 1915(e)(2)(B)(ii). Under that standard, a complaint must contain sufficient factual content to allows the court to draw the reasonable inference (and more than a sheer possibility) that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009); *e.g., Horras v. American Capital Strategies, Ltd.,* 729 F.3d 798, 801 (8th Cir. 2013).

In forma pauperis status can be denied "at any time" the Court concludes these standards have not been met, 28 U.S.C. § 1915(e)(2), which means the Court's initial decision can be withdrawn. "[A]n in forma pauperis complaint may be dismissed for frivolity . . . at any time, even when an initial examination did not disclose the frivolousness of the complaint." *Heimermann v. Global Sec. Tr. Co.*, 132 F.3d 36 (7th Cir. 1997); *see also Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962).

Plaintiffs were granted leave to proceed in forma pauperis only with respect to their claims (1) under the Fair Housing Act of 1968 (2) against the Springfield Housing Authority, Nicole Looney, and Rebecca Pashia. (Doc. 5, pp. 4-5.) As that Order explained, (*see* Doc. 5, pp. 3-4), the Fair Housing Act (the "FHA") prohibits discrimination with respect to opportunities to obtain housing. More specifically, property owners and municipalities cannot refuse to sell or rent housing, or discriminate in the terms or conditions of the sale or rental of housing, based on "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a)-(b).

However, neither the Complaint, (Doc. 6), nor the numerous exhibits attached to it, (Doc. 6-1), contain any indication Plaintiffs were subjected to discrimination on these grounds. To the contrary, Plaintiffs' filing suggests unrelated reasons for their removal from Section 8 housing. The Complaint states Plaintiffs were "removed out of Section 8 based on a lie my previous landlord told" Defendants to the effect that she had "moved out without permission." (Doc. 6, p. 5.) The Complaint includes allegations about problems with sewage and describes Plaintiffs as "whistleblowers." (Doc. 6, p. 8.) The exhibits include complaints about charges they have been

assessed. (Doc. 6-1, pp. 10-13.) However, nothing Plaintiffs have filed suggests they were evicted because of their race, color, religion, sex, familial status, or national origin.

Plaintiffs shall respond to this Order on or before January 6, 2025, and explain why they have stated a legally viable, non-frivolous claim for discrimination under the FHA. In particular, they must (1) identify the basis of the discrimination they believe is actionable under the FHA and (2) explain why they believe their race, color, religion, sex, familial status, or national origin was factor in Defendants' actions.

**IT IS SO ORDERED**.

DATE: December 18, 2024

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT