IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHELE KIMBERLY HARRIS and EDGAR SIMM HARRIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 24-03238-CV-SJ-BP ) |
| SPRINGFIELD HOUSING AUTHORITY, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER (1) VACATING ORDER GRANTING PLAINTIFFS LEAVE TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING CASE WITHOUT PREJUDICE**

Plaintiffs were initially granted leave to proceed in forma pauperis on some of their claims. (Doc. 5.) Upon further review of the matter, however, the Court questioned whether Plaintiffs were entitled to proceed in forma pauperis and directed Plaintiffs to explain why they are entitled to do so. (Doc. 18.) The Court has reviewed Plaintiffs' response and concludes they are not entitled to proceed in forma pauperis.

28 U.S.C. § 1915(a)(1) permits a court to allow a litigant to proceed without paying the necessary filing fee. However, § 1915(e)(2)(B) declares that such leave should be denied, and the case dismissed, if the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915(e)(2)(B)(i) if there is "indisputably absent any factual or legal basis for the wrong asserted in the complaint." *Williams v. White,* 897 F.2d 942, 943 (8th Cir. 1990) (quotation omitted). This standard is higher than the standard for dismissing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *id.,* but the 12(b)(6) standard is also applicable by virtue of § 1915(e)(2)(B)(ii). Under that standard, a complaint must contain

sufficient factual content to allows the court to draw the reasonable inference (and more than a sheer possibility) that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *e.g., Horras v. American Capital Strategies, Ltd.,* 729 F.3d 798, 801 (8th Cir. 2013).

In forma pauperis status can be denied "at any time" the Court determines these standards have not been met, 28 U.S.C. § 1915(e)(2), which means the Court's initial decision can be withdrawn. "[A]n in forma pauperis complaint may be dismissed for frivolity . . . at any time, even when an initial examination did not disclose the frivolousness of the complaint." *Heimermann v. Global Sec. Tr. Co.*, 132 F.3d 36 (7th Cir. 1997); *see also Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962).

Plaintiffs were granted leave to proceed in forma pauperis only with respect to their claims (1) under the Fair Housing Act of 1968 (2) against the Springfield Housing Authority, Nicole Looney, and Rebecca Pashia. (Doc. 5, pp. 4-5.) As that Order explained, (*see* Doc. 5, pp. 3-4), the Fair Housing Act (the "FHA") prohibits discrimination with respect to opportunities to obtain housing. More specifically, property owners and municipalities cannot refuse to sell or rent housing, or discriminate in the terms or conditions of the sale or rental of housing, based on "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a)-(b).

The Court's further review of the Complaint and the numerous exhibits attached to it, (Doc. 6; Doc. 6-1) revealed no basis for concluding Plaintiffs were subjected to discrimination based on their race. To the contrary, Plaintiffs' filings suggest unrelated reasons for their removal from Section 8 housing. The Complaint states Plaintiffs were "removed out of Section 8 based on a lie my [sic] previous landlord told" Defendants to the effect that they had "moved out without
2

permission." (Doc. 6, p. 5.) The Complaint includes allegations about problems with sewage and describes Plaintiffs as "whistleblowers." (Doc. 6, p. 8.) The exhibits include complaints about charges they have been assessed. (Doc. 6-1, pp. 10-13.) However, nothing Plaintiffs filed with their Complaint suggested they were evicted because of their race, color, religion, sex, familial status, or national origin.

Plaintiffs were directed to "explain why they have stated a legally viable, non-frivolous claim for discrimination under the FHA." (Doc. 18, p. 3.) They were specifically directed to "(1) identify the basis of the discrimination they believe is actionable under the FHA and (2) explain why they believe their race, color, religion, sex, familial status, or national origin was factor in Defendants' actions." (Doc. 18, p. 3.) The Court has reviewed Plaintiffs' response, (Doc. 19), the exhibits attached to the response, (Doc. 19-1), and the documents Plaintiffs filed after submitting their response. (Doc. 20; Doc. 21; Doc. 21-1.) The Court now concludes Plaintiffs' assertion of an FHA claim is frivolous within the meaning of 28 U.S.C. § 1915(e), and they have also failed to state a claim for relief under the FHA.

Plaintiffs mostly describe their many grievances and disagreements with Defendants and their landlord, ranging from sewage and flooding problems, rodents, and allegedly inappropriate or excessive charges. However, these assertions are insufficient to establish an FHA claim. In one sentence, Plaintiffs claim Defendants "were motivated by discrimination and racial an[i]mus when they evicted" Plaintiffs, (Doc. 19, p. 3), but this is the only reference they make to race, and they allege no supporting facts that would indicate Plaintiffs' race played a part in any of

Defendants' actions. Simply (1) describing events and (2) claiming they occurred due to someone's race is insufficient to establish a race-based claim.[1]

Plaintiffs' grievances are not entirely clear; what is clear is that there is no factual or legal basis for the FHA violation Plaintiffs assert. Therefore, the claim is frivolous within the meaning of 28 U.S.C. § 1915(e) and they are not entitled to proceed in forma pauperis. The Order granting them leave to do so is vacated, and the case is dismissed without prejudice.

**IT IS SO ORDERED**.

DATE: January 7, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Elsewhere, Plaintiffs assert they "feel that because of our mental abilities and . . . lack of knowledge [of] the law," Defendants and others took advantage of them "and held them accountable for the actions of the landlord . . . ." (Doc. 19, p. 7.) Plaintiffs have not asserted a disability discrimination claim but, even if they had, this assertion would not support one for the same reason a race discrimination claim is not supported.

4