# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| MICHELE KIMBERLY HARRIS and EDGAR SIMM HARRIS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No. 24-03238-CV-SJ-BP<br>) |
| SPRINGFIELD HOUSING AUTHORITY, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On January 7, 2025, the Court denied Plaintiffs leave to proceed in forma pauperis and dismissed the case without prejudice. Now pending is their Motion seeking leave to proceed in forma pauperis on appeal. The Motion, (Doc. 24), is **DENIED**.

Before denying Plaintiffs' leave to proceed in forma pauperis and dismissing their case, the Court reviewed the proposed Complaint and the Plaintiffs' response to an Order requesting additional information. After acknowledging Plaintiffs wished to assert claims under the Fair Housing Act of 1968 against the Springfield Housing Authority and two individuals who worked there (Nicole Looney and Rebecca Pashia), the Court explained:

> Plaintiffs provide no factual or legal basis for the FHA violation they assert. Therefore, the claim is frivolous within the meaning of 28 U.S.C. § 1915(e) and they are not entitled to proceed in forma pauperis. The Order granting them leave to do so is vacated, and the case is dismissed without prejudice.

(Doc. 22, p. 4.)

Plaintiffs' request to proceed in forma pauperis on appeal is denied because the Court concludes the appeal is frivolous for two independent reasons. First, Plaintiffs failed to assert any

basis for an FHA claim. Plaintiffs "describe[d] their many grievances and disagreements with Defendants and their landlord, ranging from sewage and flooding problems, rodents, and allegedly inappropriate or excessive charges." (Doc. 22, p. 3.) However, there was "no basis for concluding Plaintiffs were subjected to discrimination based on their race. To the contrary, Plaintiffs' filings suggest unrelated reasons for their removal from Section 8 housing." (Doc. 22, p. 3.) Given the absence of allegations from which discrimination by Defendants could be inferred, Plaintiffs' appeal is frivolous and in forma pauperis status should be denied.

Second, an appeal is frivolous because it is out of time. The Court issued its Judgment on January 7, 2025, and any Notice of Appeal had to be filed within 30 days. Fed. R. App. P. 4(a)(1). The Record reflects Plaintiffs executed a Notice of Appeal on February 24, (Doc. 25); it indicates Plaintiffs intended to appeal to the Federal Circuit but they sent it to the Court of Appeals for the D.C. Circuit. (Doc. 25-2, p. 3.) The D.C. Circuit sent the Notice of Appeal to the Federal Circuit, (Doc. 25-2, p. 1), which then forwarded it to this Court, (Doc. 25-2, p. 2.) The Notice of Appeal was filed effective March 6 because that was the date the D.C. Circuit reported it was received. (Doc. 25-2, p. 1.) Thus, the Notice of Appeal was filed too late; even if there is some basis for excusing Plaintiffs' failure to send it to this Court initially, the Record reflects Plaintiffs did not prepare and mail the Notice of Appeal until February 24, and by then the 30 days for appealing had expired. Thus, any attempt to appeal now is frivolous.

For these reasons, the Motion to Proceed In Forma Pauperis on Appeal, (Doc. 24), is **DENIED**.

**IT IS SO ORDERED**.

DATE: <u>March 20, 2025</u>

/s/ <u>Beth Phillips</u>
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT